IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOHN FRALISH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 3:21-cv-675 |
| | ) | |
| v. | ) | |
| | ) | |
| FIRSTSOURCE ADVANTAGE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, JOHN FRALISH, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, FIRSTSOURCE ADVANTAGE, LLC, the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.   JOHN FRALISH, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Mishawaka, County of St. Joseph, State of Indiana.

5. Upon information and belief, the debt that Plaintiff was allegedly obligated to pay was a consumer debt which was for the personal use and/or used for household expenditure of whomever incurred the Debt.

6. Plaintiff is not indebted to Defendant or its creditor in any way, and upon information and belief, Defendant is looking for the person that used to own the phone number Plaintiff now has assigned to him.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. FIRSTSOURCE ADVANTAGE, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Indiana. Defendant's principal place of business is located in the State of New York. Defendant is registered as a limited liability company in the State of Indiana.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. On or about June 9, 2021, Plaintiff received a telephone call from the Defendant.

15. During the aforesaid telephone call, Plaintiff attempted to ascertain who was contacting him, and ultimately disconnected the call.

16. Immediately after the aforesaid call, on June 9, 2021, one of Defendant's representatives who identified himself as "Andre" sent text messages to Plaintiff's cell phone and began to use profane language.

17. Andre called Plaintiff a "F**king Asshole" and an "asshole." Andre further called Plaintiff a "F**ktard", a "piece of sh*t"", and a "d**che."

18. Andre identified himself as Plaintiff's "worse [sic] enemy".

19. Defendant's statements as delineated above are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

20. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for his non-payment of the Debt.

21. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

22. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

23. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

   c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

24. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

25. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOHN FRALISH, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

   d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JOHN FRALISH**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: September 13, 2021

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:   dmarco@smithmarco.com